UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| We, the People, **Sakima Iban Salih El Bey**, National of the United States, Preamble Citizen of the United States 8 USC 1503 (a) General Government,<br><br>        Plaintiff,<br><br>vs.<br><br>Trial Officer Robert W. Davis;<br>Police Officer Tim Cecil;<br>Police Officer Jeff Meeks;<br>Mayor, City of Lancaster;<br>George Bush, President, United States of America; and<br>Mark Sanford, Governor, State of South Carolina,<br><br>        Defendants. | ) C/A No. 0:05-3461-SB-BM<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  The Plaintiff, Sakima Iban Salih El Bey ("Plaintiff"), *also known as* Francis Marion Savall, brings this action *pro se*. The complaint alleges the denial of rights and privileges secured to Plaintiff in relation to traffic citations issued in the municipality of Lancaster, South Carolina. Plaintiff also seeks to be declared a "national" of the United States under 8 U.S.C. § 1503(a). The complaint lists eleven statutes as providing jurisdiction in this court.

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction; Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978); and he is held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under



this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

### Background

The complaint alleges, as part of the Statement of Issues, verbatim:

> Sakima Iban Salih El Bey aka Francis Marion Savall and all Preamble Citizens, Nationals of the United States **8 USC 1503(a)** when we choose to bring judicial action in a United States Court, our will **MUST** be given effect to the petition and act in awarding our WILL, as the Sovereign Authority. **65th Congress 1st session Doc. 87 page 7 Clause II**, I Francis Marion Savall aka Sakima Iban Salih El Bey as the **Posterity, Lenape-known as We, the People**, initiate My will and sovereign Authority to correct all insurrections against me, my Government, Preamble Citizens & Nationals of the United States to be declared exempt of "TWEA", immune to unconstitutional "STATE OF" statutes that infringe our Liberty for the forced use of **"Federal Reserve Notes"**. Bring this action against the parties listed. [emphasis in original]

The complaint then goes on to discuss Plaintiff's belief that he is not subject to state laws, specifically in reference to the traffic violations with which he was charged. The complaint further alleges malicious prosecution by the presiding judge, Defendant Robert W. Davis, and authorization of unlawful policies and customs by the Mayor of the City of Lancaster and the Governor of the State. The complaint then alleges "treason and seditious conspiracy" by Defendants Robert W. Davis, George Bush, and Mark Sanford, who, "in concert levied war or hostile conflict of the local armed forces against Sakima Iban Salih El Bey National of the United States."

All of the allegations in the complaint are based on the Defendants' alleged lack of jurisdiction over the Plaintiff because of his status as a "National of the United States."



Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

A complaint must allege facts providing the court with jurisdiction. Davis . Pak, 856 F.2d 648 (4th Cir. 1988); McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., *supra*, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)). However, if the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will

3



lack subject matter jurisdiction.  Lovern v. Edwards, *supra*.

Here, Plaintiff's complaint states that "jurisdiction is now invoked pursuant to 28 U.S.C. 1331, 1333, 1361, 2201, 2283, 2284, 1251, 1253, 1254, 1291, 1651. " The majority of these statutes are inapplicable to confer jurisdiction on this Court.  Title 28 U.S.C. §§ 2283 and 2284 are applicable to district courts, but are not jurisdictional.  Title 28 U.S.C. §§ 1251, 1253, 1254 and 1291 are relevant to appellate courts.  Title 28 U.S.C. § 1333 provides jurisdiction in a district court for admiralty and maritime cases, which is not implicated by the facts presented in this case.  Jurisdiction for actions seeking mandamus relief under 28 U.S.C. §§ 1361 and 1651 was explained to Plaintiff in his prior mandamus action filed in this court; *see* El Bay v. Sanford, 0:05-257-08; wherein he was advised that the federal courts do not have general power to compel action by state officials. *See* Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Davis v. Lansing, 851 F.2d 72 (2nd Cir. 1988).  Hence, in as much as the complaint could be construed as seeking mandamus relief, the complaint is insufficient to establish jurisdiction for mandamus relief.

Similarly, the complaint fails to allege facts that would invoke the jurisdiction of this court under  28 U.S.C. 1331.  The complaint's factual allegations surrounding the traffic citations received by the Plaintiff do not state a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  As best can be construed from the rambling complaint, Plaintiff was issued traffic violations in Lancaster, South Carolina, for which he was found guilty.  Plaintiff alleges that as a "National of the United States", local laws relating to driver's licenses, licensing and insuring of automobiles, and the like, do not apply to him.  Plaintiff's claim is patently absurd, and no constitutional violations or



federal laws are implicated by the facts presented.[1]

In as much as the Plaintiff attempts to claim jurisdiction in this court under 8 U.S.C. § 1503(a), he again fails to state grounds for jurisdiction. Title 8 U.S.C. § 1503(a), in part, states:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States....

The complaint does not allege facts that establish the Defendants denied Plaintiff's federal rights "upon the ground that he is not a national of the United States." Nothing in the complaint indicates the Plaintiff's nationality as a citizen of the United States has been challenged or had anything whatsoever to do with his being charged with the cited traffic offenses, which would in any event apply to him whether he is or is not an American citizen. The complaint fails to state facts that provide jurisdiction under 8 U.S.C. § 1503(a), or 28 U.S.C. § 2201.

Finally, not only does the complaint fail to aver jurisdictional grounds, but it is frivolous. The substance of the complaint, even under liberal construction, states nothing that entitles the Plaintiff to the relief requested. Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). Plaintiff cannot prove that he is exempt from state laws because he is a "National of the United States." This court "may dismiss a frivolous complaint *sua sponte* even when

---

[1] If the Plaintiff is attempting to bring state law claims under § 1331, this court could have supplemental jurisdiction over the state claims, but only if valid federal claims are raised. The complaint does not raise valid federal claims, and thus this Court has no jurisdiction over any state law claims.



the Plaintiff has paid the required filing fee." Fitzgerald v. First East Seventh Street Tenant's Corp., 221 F.3d 362, 364 (2nd Cir. 2000).

Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

February 7, 2006
Columbia, South Carolina



# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

