# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| We, the People, Sakima Iban Salih El Bey, National of the United States, Preamble Citizen of the United States General Government,<br><br>Plaintiff,<br><br>-vs-<br><br>Robert W. Davis; Jeff Meeks; Tim Cecil; Mark Sanford; and George Bush,<br><br>Defendants. | Civil Action No. 0:05-3461-SB<br><br>**ORDER** |



This matter is before the Court on the pro se Plaintiff's complaint alleging violations of his Constitutional rights. By local rule, the action was referred to United States Magistrate Judge Bristow Marchant for initial review.

On February 7, 2006, the Magistrate Judge issued a report analyzing the issues and recommending that the Court dismiss the complaint without prejudice and without issuance and service of process. Specifically, the Magistrate Judge noted that the Plaintiff's complaint failed to establish the jurisdiction of this Court and that it was frivolous, even under a liberal construction. Attached to the report and recommendation was a notice advising the Plaintiff that he had ten days in which to file written objections. The Plaintiff has submitted written objections as well as an additional complaint, but both were untimely filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 15.[1]

---

[1] To the extent the Plaintiff's amended complaint can be construed as a motion for leave to amend the complaint, it is denied.

Absent a timely objection of the dissatisfied party, a district court is not required to review, under a de novo or any other standard, a magistrate judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Here, because the Plaintiff's objections were not timely filed, pursuant to 28 U.S.C. § 636(b)(1), there are no portions of the report and recommendation to which a de novo review must be conducted. However, despite the Plaintiff's failure to meet the statutory time limits for filing objections under 28 U.S.C. § 636(b)(1), the Court will give the Plaintiff the benefit of the doubt and consider the merits of his objections.

The Plaintiff's complaint alleges that the Defendants violated his Constitutional rights by arresting him, without proper jurisdiction, on September 22, 2004, for driving under a suspended license, operating an uninsured vehicle, and failing to register his vehicle. The Plaintiff also attempts to explain why jurisdiction was improper and his rights violated by claiming that he is a "Preamble Citizen of the United States - Government In the family of Nations; the Posterity - Lenape Known as We the People." The Plaintiff further claims that the Defendants "deprived him of the free exercise of Right as a Natural born Citizen of the United States of America, free inhabitant, National of the United States."

The Plaintiff's complaint is difficult to interpret but "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). It also must be considered that, as a pro se litigant, the Plaintiff's pleadings

are given a liberal construction because he will not be held to the same standards as an attorney. Castro v. United States, 540 U.S. 375, 381-82 (2003); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

The Court has reviewed the Plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 325 (1989), set a standard for the determination of frivolousness, holding that "[b]y logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." The Court in Neitzke defined "frivolous" as applied to a complaint as embracing "not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. The Supreme Court further defined frivolousness in Denton v. Hernandez, 504 U.S. 25, 33 (1992), noting it exists "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

Here, the Plaintiff's objections to the Magistrate Judge's Report and Recommendation, as well as the allegations in his subsequent complaint, are not only inarguable legal conclusions but also irrational. The Plaintiff attempts to establish that he is not subject to the jurisdiction of the state of South Carolina and that the traffic tickets initiating this action were a violation of his Constitutional

rights.[2] The Plaintiff also cites a variety of statutes, which, even under a liberal construction, are not applicable to raise a valid legal issue.[3] In considering both of these documents it becomes difficult, if not impossible, to understand what the Plaintiff is alleging, the legal basis for the allegations, and the relief he seeks.

The Fourth Circuit found in <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994), that "the term 'frivolous' also connotes discretion because, as a practical matter, it is simply not susceptible to categorical definition." It is thus within the statutory authority of a district court to dismiss a claim on the grounds of frivolousness. <u>See id.</u>; <u>White v. White</u>, 886 F.2d 721, 724 (4th Cir. 1989).

After careful review of the Plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and the standards of frivolousness set forth in <u>Neitzke</u> and <u>Denton</u>, the Court finds that the Plaintiff's claims are frivolous and should be dismissed because they are incredible and do not constitute a logical legal argument.

Based on the foregoing, it is

ORDERED that the Plaintiff's objections to the Magistrate Judge's report and recommendation are overruled; the report and recommendation is affirmed and

---

[2] The Plaintiff claims that, by arresting him for traffic violations, the Defendants "deprived him of the free exercise of Right as a Natural born Citizen of the United States of America, free inhabitant, National of the United States." The Plaintiff also contends that George Bush allowed South Carolina "to craft unconstitutional legislation that has infringed upon" his "Sovereign Authority."

[3] The Plaintiff cites 18 U.S.C. §§ 241, 242 and 2384, pertaining to seditious conspiracy and a deprivation of rights; 8 U.S.C. § 1503; U.S. Const. art. IV, § 2; and S.C. Const. art. IV, § 2, dealing with privileges and immunities of national and state citizens; U.S. Const. amends. IV, V, VI, and VIII, addressing, respectively, illegal search and seizure, deprivation of liberty without due process, the right to a speedy trial and an unbiased jury, and excessive bail or fines; and the Trading with the Enemy Act. Each of these has little to no relevant application to this action, even under a liberal construction of the Plaintiff's complaints.

4

adopted; this action is dismissed without prejudice and without requiring the Defendants to file a return; and this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May **24**, 2006
Charleston, S.C.

